# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| **SHELLY GEE,** | Case No. 1:17-cv-2963 |
| **Plaintiff,** | |
| | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| **USAA FEDERAL SAVINGS BANK,** | |
| **Defendant.** | |

Plaintiff, SHELLY GEE ("Plaintiff"), through her attorneys, alleges the following against Defendant, USAA FEDERAL SAVINGS BANK, ("Defendant"):

## NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of USAA FEDERAL SAVINGS BANK, ("Defendant"), in negligently, knowingly, and/or willfully communicating with Plaintiff in connection with the collection of alleged debts in violation of the Telephone Consumer Protection Act [47 U.S.C. § 227].

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. 227 and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here

3. Further, Plaintiff resides in Adams County, Colorado.

## PARTIES

4. Plaintiff, SHELLY GEE ("Plaintiff"), is a natural person residing in Thorton, Colorado.

5. Upon information and belief, the Defendant, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in Texas. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. Defendant constantly and continuously called Plaintiff at her telephone number ending in 8847. Defendant called Plaintiff upwards of four (4) to five (5) times in a single day from telephone number (800) 531-0378.

7. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment, including upwards of at least four (4) telephone calls in one day.

8. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. As an illustrative example, Defendant called Plaintiff on October 7, 2017 at 9:42 A.M., October 7, 2017 at 12.29 P.M., October 9, 2017 at 9:59 A.M., October 9, 2017 at 8:14 P.M., October 10, 2017 at 9:33 A.M., October 10, 2017 at 11:40 A.M., October 10, 2017 at 8:41 P.M., October

11, 2017 at 10:09 P.M., October 11, 2017 at 12:41 P.M., October 11, 2017 at 3:53 P.M., October 11, 2017 at 7:10 P.M., October 12, 2017 at 9:47 A.M., October 12, 2017 at 12:31 P.M., October 12, 2017 at 3:58 P.M., October 12, 2017 at 7:43 P.M., October 13, 2017 at 9:18 A.M., October 13, 2017 at 10:20 A.M., October 13, 2017 at 11:04 A.M., October 13, 2017 at 3:36 P.M., October 14, 2017 at 10:17 A.M., October 14, 2017 at 1:31 P.M., October 16, 2017 at 10:16 A.M., October 16, 2017 at 10:37 A.M., October 16, 2017 at 6:44 P.M., October 16, 2017 at 7:51 P.M., October 17, 2017 at 9:59 A.M., October 17, 2017 at 6:28 P.M., October 17, 2017 at 8:03 P.M., October 18, 2017 at 9:33 A.M., October 18, 2017 at 6:50 P.M., October 18, 2017 at 8:14 P.M., October 19, 2017 at 9:44 A.M., October 19, 2017 at 11:41 A.M., October 19, 2017 at 4:52 P.M., October 19, 2017 at 6:37 P.M., October 20, 2017 at 9:13 A.M., October 20, 2017 at 12:54 P.M., October 20, 2017 at 2:32 P.M., October 21, 2017 at 9:23 A.M., October 21, 2017 at 10:48 A.M., October 21, 2017 at 3:17 P.M., October 23, 2017 at 10:01, October 23, 2017 at 1:07 P.M., October 24, 2017 at 11:56 A.M., October 24, 2017 at 6:45 P.M., October 24, 2017 at 8:29 P.M., October 25, 2017 at 9:45 A.M., October 25, 2017 at 4:49 P.M., October 25, 2017 at 8:36 P.M., October 26, 2017 at 9:26 A.M., October 26, 2017 at 10:31 A.M. (twice), October 26, 2017 at 3:39 P.M., October 26, 2017 at 5:45 P.M., October 27, 2017 at 9:11 A.M., October 27, 2017 at 11:00 A.M., October 28, 2017 at 9:32 A.M., October 28, 2017 at 11:48 A.M., October 30, 2017 at 10:26 A.M., October 30, 2017 at 2:28 P.M., October 30, 2017 at 3:23 P.M., October 31, 2017 at 7:29 A.M., October 31, 2017 at 9:38 A.M., October 31, 2017 at 11:44 A.M. and October 31, 2017 at 7:11 P.M.

      9.     The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

10. On or about August 30, 2017, Plaintiff answered one of Defendant's calls and advised an agent that Defendant was to cease placing any further calls to Plaintiff and her cellular telephone. Despite these clear instructions, Defendant continued to place its autodialed collection calls to Plaintiff's cellular telephone into December of 2017.

11. Upon information and belief, Plaintiff alleges that Defendant placed at least one hundred fifty-six (156) autodialed collection calls to Plaintiff's cellular telephone after Plaintiff had revoked consent to receive such calls on her cellular telephone.

12. Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place these aforementioned collection calls to Plaintiff. The dead air that the Plaintiff experienced on the calls that she received (i.e., when Plaintiff answered there was several seconds where no other person was on the other end) is indicative of the use of an automatic telephone dialing system.

13. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.

14. The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it. Should the call at issue been manually dialed by a live human being, there would be no such dead

air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

15. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. As of August 30, 2017, when Plaintiff first demanded that Defendant cease placing its calls to her cellular telephone, any such consent for Defendant to place its autodialed calls (assuming it existed in the first place), was revoked by Plaintiff. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

  e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

  (a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

  (b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

  23. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, USAA Federal Savings Bank, for the following:

A. Actual damages.

B. Statutory damages;

C. Costs and reasonable attorney fees;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SHELLY GEE, hereby demands a trial by jury in the present action.

RESPECTFULLY SUBMITTED,

Dated: December 11, 2017     **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
Tom@mblawapc.com
Attorneys for Plaintiff

!"""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""Vgn"/"545/; : : /4622'"