UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

SHELLY GEE,  Case No. 1:17-cv-02963-WJM — MJW

    Plaintiff

v.

USAA ~~FEDERAL~~ SAVINGS BANK,

    **Defendant.**

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

On March 1, 2018, Counsel for Plaintiff and Defendant conducted a telephonic meet and confer pursuant to Fed. R. Civ. P 26 and D.C.COLO.LCivR 16.1 and 26.1(a).

    Counsel for Plaintiff:    G. Thomas Martin, III

                            Martin & Bontrager, APC

                            6464 W. Sunset Blvd., Ste. 960

                            Los Angeles, CA 90028

                            (323) 940-1700

1

Counsel for Defendant:   David M. Krueger

Benesch, Friedlander, Coplan & Aronoff LLP

200 Public Square, Ste. 2300

Cleveland, OH 44114

(216) 363-4500

**2.   STATEMENT OF JURISDICTION**

Plaintiff asserts that Jurisdiction of this Court arises under 47 U.S.C. 227 and 28 U.S.C. § 1337 and that Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**3.   STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiff: Plaintiff asserts that Defendant has engaged in conduct violative of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, etc. Specifically, Plaintiff alleges that on or about August 30, 2017 Plaintiff requested that Defendant cease placing any further autodialed collection calls to her personal cellular telephone number ending in 8847. Plaintiff contends that in doing so, she revoked any "Prior Express Consent" (as that term is defined by the TCPA) for Defendant to place any further calls to her cellular telephone via an "Automatic Telephone Dialing System" (as defined by the TCPA). Despite this, Plaintiff alleges that Defendant nonetheless continued to place its autodialed collection calls, via an Automatic Telephone Dialing System, to Plaintiff's cellular telephone well into December of 2017. In sum, Plaintiff believes Defendant placed over one hundred and fifty (150) such calls 2017 in violation of the TCPA.

2

b. Defendant: Defendant USAA Savings Bank ("USAA"), incorrectly identified in the Complaint as USAA Federal Savings Bank, denies Plaintiff's allegations. USAA SB asserts that Plaintiff gave prior express consent for USAA SB to call her and that Plaintiff did not revoke such consent under the TCPA. Further, USAA SB denies that it used an artificial/prerecorded voices on any calls to Plaintiff, and denies that the calls were made using an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1).

## 4.   UNDISPUTED FACTS

The following facts are undisputed:

      a. Plaintiff is an individual;

      b. At times relevant, Plaintiff allegedly owed Defendant a sum of money.

      c. In an attempt to speak with Plaintiff and/or secure payment, Defendant placed telephone calls to a telephone number ending in 8847.

Absent discovery, all other facts are currently disputed between the parties.

## 5.   COMPUTATION OF DAMAGES

Plaintiff seeks damages as follows: a) $500.00 for each and every of Defendant's found violations of the TCPA which are found to be negligent in nature, pursuant to 47 U.S.C. § 227(b)(3)(B); b) $1,500.00 for each and every of Defendant's found violations of the TCPA which are found to be knowing and/or willful in nature, pursuant to 47 U.S.C. § 227(b)(3)(C); and c) Injunctive relief in the form of an order forbidding Defendant to call Plaintiff's cellular telephone utilizing an Automatic Telephone Dialing System.

6.  **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a. Date of Meeting: ~~February __, 2018~~ March 1, 2018 [handwritten: MJW 3/12/18]

b. Participants: G. Thomas Martin, III for Plaintiff

David M. Krueger for Defendant

c. Rule 26(a)(1) Disclosures: March 15, 2018

d. Changes to Rule 26(a)(1) Disclosures: As needed during course of discovery.

e. Agreements to Conduct Informal Discovery: The parties do not anticipate any informal discovery of witnesses or otherwise at this time.

f. Agreements to Reduce Discovery and Costs: None at this time.

g. Electronic Discovery: The parties do not anticipate extensive electronically stored information.

h. Settlement Discussions: Plaintiff has conveyed an initial demand to Defendant. Defendant is considering its response, and the parties anticipate they will continue settlement discussions.

7.  **CONSENT**

All Parties have not consented to the exercise of jurisdiction of a magistrate judge.

8.  **DISCOVERY LIMITATIONS**

a. Modifications to Presumptive Limits on Depositions/Interrogatories: ~~None.~~ [handwritten: MJW 3/12/18 — 5 Fact Depositions per side plus the experts. 25 Interrogatories per side]

4

b. Modifications to Length of Depositions: ~~None.~~ 7 Hours Per Deposition

c. Limitations on Number of Production or Admission Requests:  15 Requests for Admissions; 25 Requests for Production of Documents per side

d. Other Issues/Orders:  None.

### 9. CASE PLAN AND SCHEDULE

a. Joinder of Parties/Amendments to Pleadings:  April 16, 2018

b. Discovery Cut-Off:   November 14, 2018 (fact); December 19 ~~19~~, 2018 (expert)

c. Dispositive Motion Deadline:  Filing deadline of January 16, 2019

d. Expert Witness Disclosures:

> 1. Fields of Potential Expert Testimony:  Whether or not Defendant's and/or Defendant's agent(s)' telecom systems constitute an "Automatic Telephone Dialing System."
>
> 2. Limitations on Use/Number of Experts:  No more than 2 retained experts per side.
>
> 3. Rule 26(a)(2) Disclosures:  Served by September 20, 2018
>
> 4. Rebuttal Expert Disclosures:  Served by October 17, 2018

e. Identification of Persons to Be Deposed (estimated):

> 1. Plaintiff – 3-4 hours
>
> 2. Defendant's 30(b)(6) Corporate Representative – 3-4 hours
>
> 3. Defendant's person with most knowledge as to Defendant's telecom system, if different than 30(b)(6) – 3-4 hours
>
> 4. 30(b)(6) of potential third party vendors who placed calls to Plaintiff on Defendant's behalf, if any – 3-4 hours

5

    5. 30(b)(6) of third party who created/developed Defendant's telecom system, if necessary – 3-4 hours

    6. 30(b)(6) of Plaintiff's telephone provider – 3-4 hours.

  f. Deadlines for Interrogatories:  August 10, 2018

  g. Deadlines for Requests for Production and/or Admissions:  August 10, 2018

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times: _None set This Time_

b. A final pretrial conference will be held in this case on _March 18, 2019_ at _9:00_ o'clock _A_ m. _(mountain Time)_ A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Other Disputes:  Defendant believes this matter should be stayed pending the outcome of *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir.). In *ACA Int'l*, the Circuit Court for the District of Columbia is reviewing the Federal Communication Commission's 2015 decision, *In re Rules and Regulations Implementing the TCPA of 1991*, 30 F.C.C.R. 7961 (2015), regarding what constitutes an "automatic telephone dialing system" under the TCPA, which is a dispositive issue in this case.  The parties have met and conferred regarding Defendant's position in this regard, and Plaintiff will oppose Defendant's motion to stay.  USAA SB proposes the dates in the Report as an alternative to the Motion to Stay.

6

b. Trial: Parties estimate Trial requiring approximately two (2) to three (3) days. Plaintiff has requested Trial by Jury in her Complaint and Defendant has requested Trial by Jury in its Answer.

c. Trial/Pre Trial Locations: None other than Denver.

## 12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.CivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.   AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

Date: _____ at Denver, Colorado, this 12TH day of March, 2018.

BY THE COURT:

_____

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

APPROVED:

| | |
|---|---|
| By: /s/G. Thomas Martin, III | By: /s/David M. Krueger |
| G. Thomas Martin, III | David M. Krueger |
| Martin & Bontrager, APC | Benesch, Friedlander, Coplan & Arnoff LLP |
| 6464 W. Sunset Blvd., Ste. 960 | 200 Public Square, Ste. 2300 |
| Los Angeles, CA 90028 | Cleveland, OH 44114 |
| (323) 940-1700 | (216) 363-4500 |
| Attorneys for Plaintiff | Attorneys for Defendant |